IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JACOB RYAN TUTOR BY AND THROUGH
HIS NEXT FRIEND TERRI ESTES,
JOSHUA SEAN TUTOR BY AND THROUGH
HIS NEXT FRIEND TERRI ESTES,
JOHN THOMAS TUTOR BY AND THROUGH
HIS NEXT FRIEND TERRI ESTES,
ALMA REGINA TUTOR INDIVIDUALLY AND
AS NEXT FRIEND OF JAMES STEVENSON                      PLAINTIFFS

V.                                                     CASE NO. 3:08CV16

PONTOTOC COUNTY,
SHERRIF LEO MASK,
BUDDY EUBANKS,
SHEILA LUNN, R.N.
PATRICIA PARKS, M.D.                                   DEFENDANTS

## ORDER

This cause comes before the court on the motion [85] of the defendant to dismiss the claims of plaintiff, Alma Regina Tutor, for failure to prosecute.

Tutor along with the other plaintiffs filed this action on February 8, 2008. On October 2, 2008, the defendants served their first set of interrogatories and requests for production of documents. Tutor failed to respond. On November 11, 2008, the defendants sent a letter to Tutor's counsel asking them to answer the interrogatories within ten days. Again Tutor failed to respond. On November 13, 2008, the defendants noticed a deposition of Tutor. The deadline to take that deposition has passed without response. On December 23, 2008, the defendants filed a motion to compel a response to the interrogatories. That motion is still outstanding, but Tutor has again failed to respond. On January 26, 2009, the discovery deadline passed. Tutor has not

taken part in discovery.

Tutor's counsel opposes this motion, but admits Tutor did not participate in discovery. Tutor's counsel further represents they have not been in contact with her for more than eight months. Further, it appears that Tutor no longer has the residence she occupied at the beginning of this litigation. Therefore, it is unclear how anyone could contact her.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with [the] rules [of civil procedure] or a court order. Such a dismissal is "an adjudication on the merits." Fed. R. Civ. P. 41(b). Such a dismissal with prejudice is "an extreme sanction" that should only be granted on a clear record of delay. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980).

The court finds such a clear record of delay exists in this case. Tutor has disappeared from this litigation. She has not participated in discovery and the deadline for her participation has now passed. The defendants can not mount a defense without any information from her. Tutor's counsel can make no good faith argument that she will now begin to participate in the process. Tutor has not prosecuted this action. She has failed to comply with the Rules of Civil Procedures and the Case Management Order. As such dismissal is the only option.

The claims brought by Tutor both individually and as next friend of James Stevenson are dismissed with prejudice.

The defendants' motion is GRANTED.

This the 6th day of February, 2009.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI